UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
Seagate Logistics, Inc.,

              Plaintiff,        **MEMORANDUM AND ORDER**
                                    09-CV-00812(KAM)(VVP)
   - against -

Angel Kiss, Inc.,

              Defendant.
--------------------------------X

**MATSUMOTO, United States District Judge:**

        Presently before the court is plaintiff, Seagate Logistics, Inc.'s ("plaintiff" or "Seagate Logistics") motion for default judgment against defendant Angel Kiss, Inc. ("defendant" or "Angel Kiss") for alleged breach of contract for failure to pay for services associated with four international air shipments of women's woven pants from Vietnam to Los Angeles, California. (*See generally* Doc. No. 4, Mot. for Default J. ("Default Mot."); Doc. No. 1, Compl.) Plaintiff seeks to recover the amount owed for the four unpaid shipments, plus interest, costs, and disbursements.[1] (*See generally* Default Mot.) Because the court finds that it lacks subject matter jurisdiction over plaintiff's breach of contract claim, plaintiff's motion

---

[1] As of April 13, 2009, plaintiff's calculated its total recovery to be $57,863.89, plus interest at the legal rate in effect on the date of judgment. (*See* Default Mot., Default J.) This sum is comprised of the following: $53,728.42 for the four unpaid shipments under the contract, $3,626.67 for interest at 9% per annum, $350.00 for the filing fee and $158.81 for service of process fee. (*Id.*)

1

for default judgment is denied and the complaint is dismissed.

## BACKGROUND

### A. **Factual Background**

The following facts are taken from plaintiff's complaint and motion for default judgment. Plaintiff is an international air freight forwarder and indirect air carrier incorporated in the state of New York. (Compl. at ¶ 3.) At all relevant times, defendant was an importer of textile goods and incorporated in the state of California. (*Id*. at ¶ 4.)

On or about July 15, 2008, the parties agreed that defendant would pay plaintiff for the freight, transportation fees, handling fees, and ISC charges for shipments of textile goods from Vietnam to Los Angeles, California. (*Id*. at ¶¶ 5-6.) Defendant agreed to make all payments to plaintiff at its offices in Jamaica, New York. (*Id*. at ¶ 7.) Defendant made four purchases of women's woven pants in Vietnam in July 2008. (*Id*. at ¶¶ 9, 15, 21, 27.) After each purchase, plaintiff would accept delivery in Vietnam and issue a waybill number that identified the chargeable weight of the shipment. (*Id*. at ¶¶ 10-11, 16-17, 22-23, 28-29.) Defendant did not object to the waybills. (*Id*. at ¶¶ 11, 17, 23, 29.) Plaintiff then

delivered each shipment to defendant in Los Angeles, California in good condition. (*Id*.) Plaintiff alleges that defendant failed to pay plaintiff for the four shipments made in July 2008. (*Id.* at ¶ 38; Default Mot., Decl. of Peter Cheung in Supp. of Default J. at ¶ 5.)

**B.  Procedural History**

Plaintiff commenced this action in this court on February 26, 2009 against defendant for alleged breach of contract. (Compl. at ¶ 1.) Defendant was served on March 3, 2009 and its answer was due on March 23, 2009. (Doc. No. 2.) Defendant has not appeared or opposed plaintiff's default judgment motion, despite receiving notice and an opportunity to do so. (Doc. No. 6, Clerk's Notation of Default.)

In an order dated December 2, 2009, the court directed plaintiff to file a letter brief addressing: (1) the basis for this court's subject matter jurisdiction over plaintiff's claims; and (2) the basis for venue in the Eastern District of New York. (12/2/09 Order.) Plaintiff submitted its letter brief on December 18, 2009, expounding on one of the jurisdictional bases included in the complaint and adding an additional basis not alleged in the complaint. (Doc. No. 7, 12/18/09 Letter Br. ("Letter Br.") at 1-3.) Specifically, plaintiff offered case law for the

proposition that federal common law provides federal question jurisdiction, and introduced the Montreal Convention[2] as an additional basis for subject matter jurisdiction. (*Id*.) Plaintiff also offered evidence as to why venue was proper. (*Id*. at 3.)

## **DISCUSSION**

At the request of one of the parties, the court may grant a judgment against the adverse party who has failed to answer or otherwise appear in an action. Fed. R. Civ. P. 55(b). A party's default is considered an admission of all well-pleaded allegations of liability, with the exception of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Artemis Marketing Corp. v. Rooms 2 Go Furniture*, Inc., No. 09-CV-2413, 2010 WL 335459, at *2 (E.D.N.Y. Jan. 22, 2010).

Before addressing the merits of plaintiff's motion for default judgment, the court raises, *sua sponte*, the threshold question of whether the court has subject matter jurisdiction over this proceeding. *See* Fed. R. Civ. P. 12(h)(3). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to

---
[2] Convention for the Unification of Certain Rules Relating to International Transportation by Air Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, *available at* 1999 WL 33292734.

4

declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (internal quotations and citation omitted).

At the outset, the court notes that, although the parties are diverse, in that they are incorporated in different states, because the amount in controversy does not exceed $75,000, there is no basis for diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a) (limiting diversity jurisdiction to "civil actions where the matter in controversy exceeds ... $75,000"). Furthermore, as the plaintiff only alleges one claim against the defendant, there is no basis for supplemental jurisdiction under 28 U.S.C. § 1367. Therefore, in order to survive dismissal based on lack of subject matter jurisdiction, the plaintiff must demonstrate its breach of contract claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*

*v. Williams*, 482 U.S. 386, 392 (1987). Here, plaintiff proffers three sources of federal question jurisdiction pursuant to 28 U.S.C. § 1331 for its breach of contract claim: (1) the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1); (2) federal common law; and (3) the Montreal Convention. (Letter Br. at 1-3.) As none of these provide a basis for federal subject matter jurisdiction, the court lacks the power to adjudicate plaintiff's breach of contract claim and the case is dismissed.

### A. Airline Deregulation Act

Plaintiff cites to the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1), as a basis of federal subject matter jurisdiction in its complaint. (Compl. at ¶ 2.)

The ADA is an economic deregulation statute designed to promote uniformity within aviation regulation. *See, e.g.*, *Gemnet Express, Inc. v. Fed. Express Corp.*, No. 06-CV-2648, 2009 WL 928299, at *4 (S.D.N.Y. Mar. 30, 2009); *Feldman v. United Parcel Serv.,* Inc., No. 06-CV-2490, 2008 WL 800989, at *7 (S.D.N.Y. Mar. 24, 2008), *modified*, No. 06-CV-2490, 2008 WL 2540814 (S.D.N.Y. June 25, 2008). In order to "ensure that the States would not undo federal deregulation with regulation of their own," *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992), the

ADA includes an express preemption provision, which prohibits states from "enacting or enforcing a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation."  49 U.S.C. § 41713(b)(1).

While the Supreme Court has broadly interpreted the provisions of the ADA to preempt "all actions that are (a) asserted against 'air carriers' and (b) have 'a connection with or reference to airline 'rates, routes, or services,'" *McLaughlin v. TWA Getaway Vacations, Inc.*, 979 F. Supp. 174, 175 (S.D.N.Y. 1997) (quoting *Morales v. Trans World Airlines*, *Inc.*, 504 U.S. 374, 384 (1992)), it has specifically held that the ADA does not bar court adjudication of routine breach of contract claims. *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 228 (1995).  Where a court determines that the ADA preempts a claim, neither a state nor federal court has the power to adjudicate that claim**.**  *Wolens*, 513 U.S. at 234.

Despite being given the opportunity to do so, the plaintiff has provided no legal support to the court as to how its breach of contract claim invokes the ADA for purposes of federal jurisdiction.  Plaintiff's complaint

does not allege a violation of the ADA,[3] nor does it suggest how the ADA would be applicable to plaintiff, an international air freight forwarder and indirect air carrier, seeking payment from defendant, an importer of textile goods, for plaintiff's delivery of goods under a contract between private parties that has no bearing on the ADA's economic deregulation of airlines.

Quite the opposite, it appears plaintiff has (either mistakenly or intentionally) invoked the ADA solely for the purpose of having its routine breach of contract claim heard in federal court. This is insufficient to invoke federal question jurisdiction. *See, e.g.*, *In re Stock Exchanges Options Trading Antitrust Litig.*, 317 F.3d 134, 150 (2d Cir. 2003) ("[W]here a complaint is so drawn as to seek recovery directly under the Constitution or laws of the United States, the district court has subject matter jurisdiction unless the federal claim clearly appears to be immaterial and made solely for the purpose of obtaining

---

[3] Indeed, it would be impossible for the plaintiff to do so, as there is no private right of action under the ADA. *See, e.g.*, *Air Transp. Ass'n of Am., Inc. v. Cuomo,* 520 F.3d 218, 221 (2d Cir. 2008) (The express preemption provision of the ADA "does not provide an express private right of action, and we have held . . . that no private right of action can be implied."); *Goonewardena v. AMR Corp.*, No. 08-CV-4141, 2008 WL 5049904, at *3 (E.D.N.Y. Nov. 25, 2008) (finding that because the ADA does not provides a private right of action, "it would therefore be impossible for [plaintiff] to bring his claims under [the ADA]"). Further, there is no indication that the plaintiff wishes to pursue a preemption challenge through the Supremacy Clause, as a finding of preemption would necessitate dismissal of plaintiff's complaint, an undesirable result for a party moving for default judgment.

federal jurisdiction or where such a claim is wholly insubstantial and frivolous." (internal quotation marks and citations omitted)).

To the extent plaintiff asserts that this court has original jurisdiction over his breach of contract claim because the ADA completely preempts state law claims, the argument must fail. Neither Congress nor the Supreme Court has declared that the ADA completely preempts state law claims for jurisdictional purposes, and courts in this circuit have categorically rejected such an argument. *See, e.g.*, *Goonewardena*, 2008 WL 5049904, at *3 (on motion for remand, finding "because the . . . ADA do[es] not completely preempt [plaintiff]'s state-law claims, this court lacks original jurisdiction over those claims"); *Singh v. North American Airlines*, 426 F. Supp. 2d 38, 41 (E.D.N.Y. 2006) ("Since the ADA does not provide 'complete preemption,' it fails to provide this Court with subject matter jurisdiction over those claims even if the ADA did preempt them."); *Mraz v. Lufthansa German* Airlines, No. 05-CV-1476, 2006 WL 267361, at *2 n.4 (E.D.N.Y. Feb. 2, 2006) ("It is well-settled, however, that the ADA does not create complete preemption."); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02-CV-9580, 2003 WL 22283814, at *3 (S.D.N.Y. Oct. 2, 2003) (remanding case to state court,

noting that "neither Congress or the Supreme Court has declared that the ADA completely preempts state law"); *Donkor v. British Airways, Corp.*, 62 F. Supp. 2d 963, 971 (E.D.N.Y. 1999) ("preemption by the Airline Deregulation Act cannot, by itself, provide grounds for removal to federal court" or "create federal jurisdiction"). *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996) (ruling Airline Deregulation Act does not completely preempt state law). Thus, the ADA does not provide federal question jurisdiction over the plaintiff's claim.

### B. Federal Common Law

Plaintiff argues that federal common law provides an alternate basis of federal subject matter jurisdiction over its breach of contract claim. (*See* Compl. at ¶ 2; Letter Br. at 2-3.) Specifically, plaintiff contends that the "Second Circuit recognizes that issues regarding the performance, or breach of an air waybill is subject to the interpretation of federal common law." (Letter Br. at 2-3) (citing *Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc., et al.*, 235 F.3d 53, 59 (2d Cir. 2000)).

However, instead of supporting the broad proposition plaintiff advocates, the single case upon which

plaintiff relies more narrowly holds that "federal common law continues to control the issue of liability of air carriers for *lost or damaged shipments*." *Nippon Fire & Marine Ins. Co.*, 235 F.3d at 59 (emphasis added). Accordingly, courts in this jurisdiction have found federal common law applies to actions against air carriers for lost or damaged interstate shipments. *See Gemnet Express, Inc.*, 2009 WL 928299, at *5 ("[I]t has generally been held that a shipper's contract claim for the value of goods lost or damaged in interstate air shipment will not be preempted by the ADA and may be maintained, although such claims will be governed by federal common law."); *see also Bary v. Delta Airlines, Inc.*, No. 02-CV-5202, 2009 WL 3260499, at *12 (E.D.N.Y. Oct. 9, 2009) ("In analogous cases concerning liability of air carriers for lost or damaged shipments, the Second Circuit has explicitly held that federal common law controls."); *Feldman*, 2008 WL 800989, at *6 n.3 (stating that federal common law continues to control the issue of liability of air carriers for lost or damaged shipments).

In the instant case, plaintiff alleges that it is "an international freight forwarder and indirect air carrier" (Compl. at ¶ 1), and that its claim arises from defendant's failure to pay for plaintiff's services, not

from a "lost or damaged" shipment. To the contrary, plaintiff, the air carrier, repeatedly alleges that it delivered each shipment to defendant in "good condition." (Compl. at ¶¶ 11, 17, 23, 29.) Plaintiff has offered no authority for its claim that federal common law controls a routine breach of contract claim for non-performance where the suit does not involve air carrier liability. Therefore, plaintiff's argument that federal common law provides a basis for subject matter jurisdiction must fail.

   **C. Montreal Convention**

Finally, although the plaintiff does not cite to the Montreal Convention in its complaint, it nevertheless asserts that the complaint "could have included a clear reference and reliance on the Montreal Convention as a basis for [federal subject matter] jurisdiction." (Letter Br. at 3.) Plaintiff argues that "the air shipment and relevant contracts of carriage . . . involve international air transport" and the Montreal Convention "applies to all international carriage of persons' baggage or cargo performed by aircraft for record." (*Id.* at 2) (citing *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 401 (2d Cir. 2004)).[4]

---

[4] Rather than supporting plaintiff's claim, *Ehrlich* held that the defendant airline was not liable, pursuant to Article 17 of the Warsaw

12

The Montreal Convention, the successor of the Warsaw Convention, is an international treaty governing international air carrier liability. *Weiss*, 433 F. Supp. 2d at 364. It was created to limit airline accident liability while protecting the rights of passengers and shippers utilizing international air carriage. *Id*.

Where an action for damages falls within one of the Montreal Convention's three damage provisions, "the Convention provides the sole cause of action under which a claimant may seek redress for his injuries." *Id*. at 365; *see also Mullaney v. Delta Air Lines, Inc.*, No. 08-CV-7324, 2009 WL 1584899, at *1 (S.D.N.Y. June 3, 2009) ("Due to the preemptive nature of the Convention, claims that fall within its parameters cannot be the subject of lawsuits pursuing other theories of recovery, state or federal."). The Montreal Convention's three damage provisions are: 1) death or bodily injury suffered by an airline passenger or the destruction, loss of or damage to her baggage, provided the harm occurred onboard or in the process of embarking or disembarking (Article 17); 2) loss or destruction of baggage or other cargo sustained during carriage by air, subject to certain exclusions (Article 18); and 3) delay in

---

Convention, for mental injuries not caused by bodily injury. *Ehrlich*, 360 F.3d at 401.

the carriage of passengers, baggage or cargo (Article 19). *Weiss*, 433 F. Supp. 2d at 365; see also *Kamanou-Goune v. Swiss Int'l Airlines*, No. 08-CV-7153, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009).

Claims for non-performance of a shipping contract do not fall within the scope of the Montreal Convention. *See Kamanou-Goune*, 2009 WL 874600, at *4 (finding action was improperly removed to federal court where non-performance of contract claim fell outside of scope of Montreal Convention and defendant failed to proffer any other basis for federal subject matter jurisdiction); *Weiss*, 433 F. Supp. 2d at 368-69 (finding plaintiffs' claims were grounded in non-performance of contract redressable under local law and were therefore not preempted by the Montreal Convention); *see also Mullaney*, 2009 WL 1584899, at *2 (holding claims sounding in non-performance of contract were not preempted by the Montreal Convention); *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 453-456 (E.D.N.Y. 2007) (same).

As before, it appears that plaintiff retroactively raises the Montreal Convention in an attempt to have its routine breach of contract claim heard in federal court. While the Montreal Convention creates a private right of action, *Baah v. Virgin Atl. Airways Ltd.*,

14

473 F. Supp. 2d 591, 593 (S.D.N.Y. 2007), there is nothing on the face of plaintiff's complaint to show its claim arises under the Montreal Convention. Here, plaintiff is not alleging a violation of the Montreal Convention, plaintiff's suit is not against an international air carrier and it does not seek damages for personal injuries resulting from an accident (Article 17), lost or damaged baggage (Article 18) or delay (Article 19) associated with an international flight. Rather, as previously noted, plaintiff, the international air freight forwarder and indirect air carrier, repeatedly alleges that it delivered each shipment to defendant, an importer, in "good condition" and the defendant failed to pay for its services.[5] (Compl. at ¶¶ 11, 17, 23, 29.)

Further, while the Montreal Convention has been construed has having a complete preemptive effect over all federal and state law claims that fall within its substantive scope, *see, e.g.*, *Olaya v. American Airlines, Inc.*, No. 08-CV-4853, 2009 WL 3242116, at *1 (E.D.N.Y. Oct.

---

[5] Even if plaintiff's claim met "treaty" jurisdiction under the Montreal Convention and its claim for damages fell within one of the Montreal Convention's three damages provisions, plaintiff's non-performance claim would not be preempted by the Montreal Convention, and plaintiff would be still have to proffer a basis of federal subject matter jurisdiction in order to have its claim heard by this court. *See, e.g.*, *Kamanou-Goune*, 2009 WL 874600, at *5 (finding court lacked federal subject matter jurisdiction where plaintiff's non-performance of contract claims were not preempted by the Montreal Convention and defendant proffered no other basis of jurisdiction).

15

06, 2009), contrary to the plaintiff's contention, it does not govern all claims arising out of international transportation. *See, e.g.*, *Donkor*, 62 F. Supp. 2d at 971 ("Cases which have addressed the question of the [Warsaw][6] Convention's preemptive scope, however, have understood that scope to be less expansive than 'all international transportation.'"); *Pflug v. Egyptair Corp.*, 961 F.2d 26, 28 (2d Cir. 1992) ("[T]he [Warsaw] Convention does not apply to all claims of injuries suffered in conjunction with international air travel."). Accordingly, plaintiff's attempt to invoke the Montreal Convention as a basis for jurisdiction for its breach of contract claim fails.

## CONCLUSION

Without any allegation in the complaint based on the Constitution, or applicable federal law or treaty, the court lacks subject matter jurisdiction to hear plaintiff's breach of contract claim. 28 U.S.C. § 1331. Therefore,

---

[6] "The case law regarding a particular provision of the Warsaw treaty applies with equal force regarding its counterpart in the Montreal treaty." *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp. 2d 359, 362 n. 1 (E.D.N.Y. 2008); *see also Seales v. Panamanian Aviation Co. Ltd.*, No. 07-CV-2901, 2009 WL 395821, at *8 n.8 (E.D.N.Y. Feb. 18, 2009) ("Although the Montreal Convention replaced the Warsaw Convention, since many similar provisions remain, courts use cases interpreting the Warsaw Convention to interpret similar Montreal Convention provisions."); *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d at 453 ("Because the [Montreal and Warsaw] conventions' preemptive language is substantially similar, they have 'substantially the same preemptive effect.'" (quoting *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004))).

this action is dismissed.  The court does not reach the merits of plaintiff's motion for default judgment.  The Clerk of the Court is directed to enter judgment in accordance with this Memorandum and Order and to close the case.

**SO ORDERED.**

Dated: March 26, 2010
       Brooklyn, New York

                                                 _____/s/_____
                                                 KIYO A. MATSUMOTO
                                                 United States District Judge
                                                 Eastern District of New York